Porter, J.
This case comes up on an appeal, taken from an order of the judge of the inferior court, discharging the defendant out of custody of the sheriff, on the ground that he was a minor at the time he entered into the contract on which this suit was instituted.
This action it appears, was commenced to obtain payment of notes and obligations executed by the defendant. The only defence set up is the minority of the obligor at the time he signed them.
The evidence introduced to establish the minority, admitting it to be legal, shews that Sittig was twenty-one years of age at the time he was arrested. That arrest was therefore lawful, and if he had not the means of giving bail, he should have remained in the custody of the officer to await the final judgment of the court.
The ground on which the parish judge discharged the defendant, made a part of the merits of the case; or rather it was the only point on which the parties were at issue; so that, on an interlocutory motion, he in fact *608 tried the cause and decided it. This was clearly incorrect, and if sanctioned by this court, would tend to introduce confusion in practice, and be often a source of the greatest injustice. In the present case, it is not impossible that when the parties come fully to trial, the defendant may be proved of age, and if so, his discharge from prison now might work an irreparable injury to the plaintiff. I think that the judgment of the parish court should be annulled, avoided and reversed, that this cause should be remanded with directions to the parish judge to proceed in the case as if no rule had been prayed for and granted.
Martin, J.
This case is nearly similar to that of Fisher & al. vs. Hood, 2 Martin, 113, determined in the superior court of the late territory of Orleans, in which the merits of the case were attempted to be brought before the court, on a motion to dissolve the attachment, by shewing that the debt was not due.
The merits of a case cannot be pronounced upon on a motion; the party has a right to a trial by jury. The judgment ought to be reversed, the case remanded, and the court a quo directed to proceed as if no rule had been granted.
Seghers for the plaintiff, Davezac for the defendant.